ST. LOUIS & S. F. RY. CO. et al. v. HICKS (two cases).

(Circuit Court of Appeals, Eighth Circuit. March 1, 1897.)

Nos. 793, 794.

DEATH BY WRONGFUL ACT—EVIDENCE—INSTRUCTIONS.
    In an action brought under the Arkansas statute, by an administrator,
    to recover the damages sustained by the next of kin by the killing of the
    intestate through defendant's negligence, it is not error to permit the plain-
    tiff to prove the nature of the injuries causing the intestate's death, when
    the court specifically charges the jury that nothing can be allowed for the
    pain and suffering of the deceased, nor for the grief or distress of any one.

In Error to the Circuit Court of the United States for the Western
District of Arkansas.

L. F. Parker and B. R. Davidson, for plaintiffs in error.
Oscar L. Miles, for defendant in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

THAYER, Circuit Judge.    These cases were submitted in con-
nection with the case of Railway Co. v. Miles, 79 Fed. 257,
and upon the same printed record, inasmuch as the cases grew out
of the same accident, and involve the same questions.    In case No.
793, Harrison Hicks, as administrator of William Spoon, deceased,
sued for compensation for pain and suffering sustained by his intestate,
as the laws of Arkansas permitted him to do; while in case No. 794
the action was brought by the same administrator for damages sus-
tained by the next of kin.    In the latter case a single question is
raised, which did not arise in the case of Railway Co. v. Miles, and was
not considered in that case.    In the course of the trial, counsel for the
defendant company took an exception to the admission of certain testi-
mony showing the nature of the injuries received by William Spoon
which had resulted in his death.    This proof was objected to on the
ground that it was unnecessary to show the nature of the injuries
received, inasmuch as the next of kin, for whose benefit the action was
brought, could not recover in that suit for any pain or suffering which
the deceased had endured as a result of the injuries.    The exception
thus taken has been argued in this court.    The trial court permitted
the plaintiff to prove the nature of the injuries sustained by the plain-
tiff's intestate, and that they had occasioned his death; but it charged
the jury specifically that "nothing can be allowed for the pain and
suffering of deceased, nor can anything be allowed for the grief or dis-
tress of any one."    We think that such action on the part of the trial
court was not erroneous, and will not justify a reversal of the case.
The plaintiff had a right to show that the deceased had received in-
juries which resulted in his death.    The most that can be said in sup-
port of the exception is that the court permitted a material fact to be
proven in greater detail than was perhaps necessary.    But, whatever
possible harm was done in allowing the precise nature of the injuries
to be shown, was remedied, we think, by the instruction above quoted.
It must be presumed that the jury obeyed the instruction of the court,

and that the defendant was not prejudiced, although it was unnecessary to show the exact nature of the injuries.    The judgment of the circuit court in each of the cases must be affirmed.